## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

B.T.S.,                      :

                     :

         Plaintiff,         :

                     :

v.                         :        CASE NO. 3:20-CV-104-MSH

                     :          Social Security Appeal

COMMISSIONER OF      :

SOCIAL SECURITY,       :

                     :

         Defendant.       :

_____

## ORDER

The Commissioner of Social Security, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's application for social security income ("SSI") finding that he is not disabled within the meaning of the Social Security Act and accompanying regulations.  Plaintiff contends the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).  All administrative remedies have been exhausted.  Both parties filed their written consent for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The Court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied.  *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance.  If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The Court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).[2]  The Court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The claimant bears the initial burden of proving that he is unable to perform his previous work.  *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam).  The claimant's "burden is a heavy one, so stringent that it has been described as bordering on the unrealistic."  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).  A claimant

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 1382c(3)(A).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 416.101 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 416.920(a)(1).  First, the Commissioner determines whether the claimant is working.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is "working and the work [the claimant is] doing is substantial gainful activity," the Commissioner will find that the claimant is not disabled.  *Id.* § 416.920(b).  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id.* § 416.920(a)(4)(ii).  A claimant must have a "severe impairment," which is one that "significantly limits [a plaintiff's] physical or mental ability to do basic work activities." *Id.* § 416.920(c).  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  20 C.F.R. § 416.920(a)(4)(iii).  Fourth, the Commissioner determines whether the claimant's residual functional capacity ("RFC") can meet the physical and mental demands of past work.  *Id.* § 416.920(a)(4)(iv).  Fifth and finally, the Commissioner determines whether the claimant's RFC, age, education, and past work experience prevent the performance of any other work.  *Id.* § 416.920(a)(4)(v).  In arriving

3

at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. 20 C.F.R. § 416.923(c). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 805-06 (11th Cir. 2013) (per curiam).

## ADMINISTRATIVE PROCEEDINGS

Plaintiff filed an application for SSI on January 23, 2018, alleging he has been disabled to work since November 17, 1994. Tr. 15. This is his second application for benefits. Plaintiff's first application was successful, and he received SSI benefits for approximately eleven years. Tr. 365. The benefits were not terminated by the Commissioner because Plaintiff regained his capacity to engage in substantial gainful activity, but because he was convicted of a felony offense and incarcerated. 42 U.S.C. § 1382(e)(1)(A); 20 C.F.R. §§ 416.120(c)(8), 416.211. As Plaintiff was incarcerated for more than twelve consecutive months, his SSI was terminated, and he was required to reapply. 42 U.S.C. § 1382(e)(1)(A); 20 C.F.R. §§ 416.120(c)(8), 416.211.

Plaintiff's new application was denied both initially and on reconsideration. Tr. 15. He requested an evidentiary hearing before an ALJ, and the hearing was held on September 30, 2019. *Id.* Plaintiff appeared with a non-attorney representative and gave testimony as did an impartial vocational expert ("VE"). *Id.* The ALJ issued an unfavorable decision on October 17, 2019, denying his new claim. Tr. 12-34. Plaintiff sought review from the Appeals Council but was denied on August 12, 2020. Tr. 1-6. Having exhausted the administrative remedies available to him under the Social Security Act, Plaintiff sought

4

judicial review of the final decision by the Commissioner to deny his claim for benefits. His case is ripe for review.

## DISCUSSION

On the date Plaintiff filed his application at issue, he was forty-one and characterized as a "younger individual" under the Commissioner's regulations.  20 C.F.R. 416.963; Finding 6, Tr. 28.  He has no past relevant work.  Finding 5, Tr. 28.  In conducting the five-step sequential analysis of his claim the ALJ found, at step two, that Plaintiff has severe impairments of right leg amputation, degenerative joint disease, and hypertension.  Finding 2, Tr. 17-20.  Although medical evidence of record establishes clearly that Plaintiff has major depressive disorder ("MDD") and post-traumatic stress disorder ("PTSD") resulting from his leg amputation as a small child and being shot through the genitalia as a teen by his mother, as well as a full-scale intelligence quotient of seventy-nine on objective testing, the ALJ found no severe nonexertional impairment.  *Id.*  While this is blatant error, it is harmless at step two because the ALJ found some of his alleged impairments to be severe, thus ruling in Plaintiff's favor at step two and proceeding to step three.  *Delia v. Comm'r of Social Security,* 433 Fed. App'x 885 (11th Cir. 2011).

The ALJ, at step three, found Plaintiff's impairments, both individually and in combination with one another, to neither meet nor medically equal a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1.  His step-three analysis does not discuss or mention Plaintiff's obvious mental limitations.  Finding 3, Tr. 20-21.  Between steps three and four the ALJ assessed Plaintiff as having the RFC to engage in sedentary work with significant exertional and postural limitations but no nonexertional limitations.

Finding 4, Tr. 21-28.  As argued by Plaintiff in his brief before the Court, this is error requiring remand.  Pl.'s Br. 19-20, ECF No. 20.  The ALJ purported to discount Plaintiff's MDD and PTSD, saying they were only diagnosed once in September of 2019.  Tr. 17.  In fact, Plaintiff was seen twice for a consultative examination by Royce N. Jalazo, Psy. D., who reviewed his records and submitted a medical impairment questionnaire describing Plaintiff as "severely depressed" with "significant PTSD" and "severe chronic insomnia." Tr. 18, 834-41.  Dr. Jalazo also found Plaintiff to be "unable to meet competitive standards" and to have "no useful ability" to work with coworkers or the general public.  *Id.*  An RFC assessment which does not reflect appropriate nonexertional limitations for a claimant with an extreme medical history of limb amputation, parental abuse with deadly force, and who the Commissioner has already found disabled to work is unsupported by substantial evidence.

While the Court has considered a reversal and award of benefits, deference to which the Commissioner is due merits remand instead.  The Court thus orders that Plaintiff's cause be REMANDED to the Commissioner of Social Security for more thorough and comprehensive administrative proceedings.

## CONCLUSION

For the foregoing reasons, the determination of the Social Security Commissioner is remanded.

SO ORDERED, this 15th day of December, 2021.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

6